JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 S FIRST STREET #613
SAN JOSE, CA 95113
ATTORNEY FOR PLAINTIFFS

ADR E-FILING

Filed

OCT 2 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

C07 05521 PVT

| | |
|---|---|
| JOSE CRUZ GONZALEZ, EDUARDO GALARZA, JUAN PABLO PAOMARES,<br><br>Plaintiffs,<br><br>vs.<br><br>MARIO RIOJAS, MARIO'S PLASTERING, INC. and DOES 1-10<br><br>Defendants | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200; and<br>4) Violation of California Labor Code Section 201;<br>5) Violation of California Labor Code Section 226. |

**NATURE OF CLAIM**

1. This is an action on behalf of JOSE CRUZ GONZALEZ, EDUARDO GALARZA,
JUAN PABLO PAOMARES who had been employed on a salary basis by MARIO'S
PLASTERING, INC. during the last four years prior to the filing of this Complaint,
seeking damages arising from employer's failure to pay overtime as required by the Fair
Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seeks
compensatory damages for unpaid wages under California Labor Code and Wage Orders,
liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California
Labor Code § 203, damages for inadequate pay statements under California Labor Code

1    Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor

2    Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade

3    Practices Act under California Business and Professions Code § 17203.

### SUBJECT MATTER JURISDICTION AND VENUE

5    2.  This Court is a proper venue, as all events giving rise to this lawsuit have occurred in this

6        district.

7    3.  Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards

8        Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

### PARTIES

10   4.  At all times relevant herein, Plaintiffs JOSE CRUZ GONZALEZ, EDUARDO

11       GALARZA, JUAN PABLO PAOMARES are individuals resident of Santa Clara

12       County, California.

13   5.  At all times relevant herein, Defendant MARIO'S PLASTERING, INC. is a Corporation

14       in the State of California.

15   6.  All times relevant herein, individual Defendants MARIO RIOJAS are individuals

16       resident in the County of Santa Clara, California.

17   7.  Individual Defendants MARIO RIOJAS and DOES 1-10, at all times relevant herein, are,

18       according to information and belief, officers, owners, or employees of MARIO'S

19       PLASTERING, INC., having control over the Plaintiffs' work condition and work

20       situation.

### GENERAL ALLEGATIONS

22   8.  At all times relevant herein, Plaintiffs was an employee of defendant MARIO'S

23       PLASTERING, INC., a plastering and stucco company located in San Jose, California.

24   9.  Plaintiffs was according to information and belief, an employee of Defendants acting in

25       the normal course and scope of employment duties with Defendants.

10. During the course of Plaintiffs' employment with MARIO'S PLASTERING, INC., Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

11. Plaintiffs were paid on a salary basis.

12. Plaintiffs did not perform "exempt" duties in their positions with MARIO'S PLASTERING, INC. and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs was not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of thier working time.

13. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of MARIO'S PLASTERING, INC. where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of MARIO'S PLASTERING, INC.

14. Individual defendants MARIO RIOJAS and Does 1 through 10, inclusive, are liable for the acts of MARIO'S PLASTERING, INC. as the alter egos of MARIO'S PLASTERING, INC. Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled MARIO'S PLASTERING, INC. Plaintiffs is informed and believes, and thereon alleges, that Defendants Does 1 through 10, inclusive, have:

a.  Commingled funds and other assets of MARIO'S PLASTERING, INC. and their
    funds and other assets for their own convenience and to assist in evading the
    payment of obligations;

b.  Diverted funds and other assets of MARIO'S PLASTERING, INC. to other than
    corporate uses;

c.  Treated the assets of the MARIO'S PLASTERING, INC. as their own;

d.  Failed to obtain authority to issue shares or to subscribe to issue shares of
    MARIO'S PLASTERING, INC.;

e.  Failed to maintain minutes or adequate corporate records of MARIO'S
    PLASTERING, INC.;

f.  Failed to adequately capitalize or provide any assets to MARIO'S PLASTERING,
    INC.; and

g.  Diverted assets from MARIO'S PLASTERING, INC. to themselves to the
    detriment of creditors, including Plaintiffs and other hourly employees.

**COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

15. Plaintiffs re-allege and incorporate paragraphs 1-14 as if fully stated herein.

16. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs'
    employment by Defendants, provides that all employees are entitled to payment at the
    rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and
    double time for hours in excess of 12 in one day.

17. During the course of employment with Defendants, Plaintiffs regularly worked in excess
    of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly
    failed to pay Plaintiffs overtime wages as required by law.

18. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

19. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs, in amounts to be determined at trial.

20. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

21. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

22. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

23. Plaintiffs re-allege and incorporate paragraphs 1-22 as if fully stated herein.

24. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs was an individual employee covered by virtue of Plaintiffs' direct engagement in interstate commerce.

25. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

26. Although Plaintiffs was not so exempt during employment with MARIO'S PLASTERING, INC., defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

27. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

28. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

29. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. Defendants therefore owe Plaintiffs liquidated damages equal to overtime not properly paid to Plaintiffs, in amounts to be determined at trial.

31. Plaintiffs was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201**

**FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

32. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-31 as if fully stated herein.

33. At the time Plaintiffs' employment with MARIO'S PLASTERING, INC. was terminated, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

34. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

35. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in amounts to be determined at trial.

36. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

37. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

**COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE**

**SECTION 17200 UNFAIR BUSINESS PRACTICES**

38. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

39. At all times relevant herein, Plaintiffs' employment with MARIO'S PLASTERING, INC. was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

40. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

41. During the period Plaintiffs was employed with MARIO'S PLASTERING, INC., defendants failed to pay Plaintiffs legally required overtime pay to which they was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

42. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

43. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages.

44. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

45. Plaintiffs, having been illegally deprived of the overtime pay to which they was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in amounts to be determined at trial.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

**INADEQUATE PAY STATEMENTS**

46. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

47. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

48. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or 50$ for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

49. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

50. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

51. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

52. Plaintiffs are therefore legally entitled to recover both actual damages and/or penalties caused by defendants' failure to provide proper records, in amounts to be determined at trial.

53. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for the following relief:

54. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages;

55. For liquidated damages per the FLSA equal to unpaid overtime wages ;

56. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203;

57. For waiting time penalties equal to thirty days wages to, pursuant to California Labor Code § 203;

58. For actual damages and/or penalties for defendants' provision of inadequate pay statements pursuant to California Labor Code Section 226;

59. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

60. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

61. For costs of suit herein; and

62. For such other and further relief as the Court may deem appropriate.

Dated this August 7, 2007

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113