Daniel F. Pyne (State Bar No. 131955)
Tracy E. Loftesness (State Bar No. 196988)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

**mailing address:**
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:   (408) 286-9800
Facsimile:   (408) 998-4790

Attorneys for Defendant
Mario Riojas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE CRUZ GONZALEZ, EDUARDO GALARZA and JUAN PABLO PAOMARES,<br><br>Plaintiffs,<br><br>v.<br><br>MARIO RIOJAS, MARIO'S PLASTERING, INC. and DOES 1 through 10,<br><br>Defendants. | CASE NO. C-07-05521-PVT<br><br>**ANSWER TO COMPLAINT** |

Defendant Mario Riojas (hereafter referred to as "Riojas" and doing business as "Mario's Plastering, Inc.") responds to the Complaint for Damages (hereafter referred to as "the Complaint") filed by plaintiffs Jose Cruz Gonzalez, Eduardo Galarza and Juan Pablo Paomares as follows:

1. Defendant Riojas admits that the plaintiffs are former employees of his and that the plaintiffs seek remedies pursuant to the California Labor Code, the California Business & Professions Code section 17203, the California Industrial Welfare Commission Wage Orders and 29 U.S.C. section 216(b), but otherwise denies the allegations in paragraph 1 of the Complaint.

2. Defendant Riojas admits the allegations in paragraph 2 of the Complaint.

3. Defendant Riojas admits the allegations in paragraph 3 of the Complaint.

4. Defendant Riojas lacks information sufficient to enable him to admit or deny the allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5. Defendant Riojas admits that Mario's Plastering, Inc. is a corporation incorporated in the State of California and that he does business under the name of "Mario's Plastering, Inc.", but otherwise denies the allegations in paragraph 5 of the Complaint.

6. Defendant Riojas admits the allegations in paragraph 6 of the Complaint.

7. Defendant Riojas admits that he is a shareholder in Mario's Plastering, Inc., that he had the authority to establish the terms and conditions of employment for the plaintiffs, but otherwise denies the allegations in paragraph 7 of the Complaint.

8. Defendant Riojas admits that the plaintiffs were employees of his plastering and stucco business in San Jose, California, but otherwise denies the allegations in paragraph 8 of the Complaint.

9. Defendant Riojas admits that the plaintiffs were employees of his plastering and stucco business, but otherwise denies the allegations in paragraph 9 of the Complaint.

10. Defendant Riojas denies the allegations in paragraph 10 of the Complaint.

11. Defendant Riojas denies the allegations in paragraph 11 of the Complaint.

12. Defendant Riojas denies the allegations in paragraph 12 of the Complaint.

13. Defendant Riojas admits that the plaintiffs did not exclusively manage any division of his business, did not directly supervise any employees of his business and did not participate in the development of general administrative policies of his business, but otherwise deny the allegations in paragraph 13 of the Complaint.

14. Defendant Riojas admits that he is doing business in his individual capacity as "Mario's Plastering, Inc." and that he is liable for the obligations of his business, but otherwise denies the allegations in paragraph 14 of the Complaint.

15. Defendant Riojas incorporates by reference his admissions and denials to paragraphs 1 through 14 of the Complaint, but otherwise denies the allegations in paragraph 15 of

the Complaint.

16. Defendant Riojas denies the allegations in paragraph 16 of the Complaint.

17. Defendant Riojas denies the allegations in paragraph 17 of the Complaint.

18. Defendant Riojas admits that California Labor Code section 1194 provides certain remedies to employees who are paid less than the minimum wage or legal overtime compensation owed to them, but otherwise denies the allegations in paragraph 18 of the Complaint.

19. Defendant Riojas denies the allegations in paragraph 19 of the Complaint.

20. Defendant Riojas denies the allegations in paragraph 20 of the Complaint.

21. Defendant Riojas denies the allegations in paragraph 21 of the Complaint.

22. Defendant Riojas admits that the plaintiffs seek an award of attorney fees and costs, but otherwise denies the allegations in paragraph 22 of the Complaint.

23. Defendant Riojas incorporates by reference his admissions and denials to paragraphs 1 through 22 of the Complaint, but otherwise denies the allegations in paragraph 23 of the Complaint.

24. Defendant Riojas admits that the Fair Labor Standards Act is applicable to Mario's Plastering, but otherwise deny the allegations in paragraph 24 of the Complaint.

25. Defendant Riojas admits that the Fair Labor Standards Act requires the payment of overtime compensation to certain employees for work in excess of 40 hours per week, but otherwise denies the allegations in paragraph 25 of the Complaint.

26. Defendant Riojas denies the allegations in paragraph 26 of the Complaint.

27. Defendant Riojas denies the allegations in paragraph 27 of the Complaint.

28. Defendant Riojas denies the allegations in paragraph 28 of the Complaint.

29. Defendant Riojas denies the allegations in paragraph 29 of the Complaint.

30. Defendant Riojas denies the allegations in paragraph 30 of the Complaint.

31. Defendant Riojas denies the allegations in paragraph 31 of the Complaint.

32. Defendant Riojas incorporates by reference his admissions and denials to paragraphs 1 through 31 of the Complaint, but otherwise denies the allegations in paragraph 32 of the Complaint.

33. Defendant Riojas denies the allegations in paragraph 33 of the Complaint.

34. Defendant Riojas admits that (a) Labor Code section 201 sets forth certain obligations regarding the payment of wages upon termination of an employee's employment, and (b) Labor Code section 203 subjects employers to potential liability for certain penalties if they fail to pay wages in accordance with Labor Code section 201, but otherwise denies the allegations in paragraph 34 of the Complaint.

35. Defendant Riojas denies the allegations in paragraph 35 of the Complaint.

36. Defendant Riojas admits that the plaintiffs seek an award of attorney fees and costs, but otherwise denies the allegations in paragraph 36 of the Complaint.

37. Defendant Riojas admits that the plaintiffs seek an award of interest, but otherwise denies the allegations in paragraph 37 of the Complaint.

38. Defendant Riojas incorporates by reference his admissions and denials to paragraphs 1 through 37 of the Complaint, but otherwise denies the allegations in paragraph 38 of the Complaint.

39. Defendant Riojas admits that certain provisions of the California Labor Code and Industrial Welfare Commission Wage Orders were applicable to his employment of the plaintiffs, but otherwise denies the allegations in paragraph 39 of the Complaint.

40. Defendant Riojas denies the allegations in paragraph 40 of the complaint.

41. Defendant Riojas denies the allegations in paragraph 41 of the Complaint.

42. Defendant Riojas denies the allegations in paragraph 42 of the Complaint.

43. Defendant Riojas denies the allegations in paragraph 43 of the Complaint.

44. Defendant Riojas admits that he is aware of certain laws regulating the payment of wages to employees, but otherwise denies the allegations in paragraph 44 of the Complaint.

45. Defendant Riojas admits that the plaintiffs seek restitution of allegedly unpaid wages, but otherwise denies the allegations in paragraph 45 of the Complaint.

46. Defendant Riojas incorporates by reference his admissions and denials to paragraphs 1 through 45 of the Complaint, but otherwise denies the allegations in paragraph 46 of the Complaint.

47. Defendant Riojas admits that Labor Code section 226 sets forth certain information to be provided to employees concurrently with the payment of their wages, but otherwise denies the allegations in paragraph 47 of the Complaint.

48. Defendant Riojas admits that California Labor Code section 226 authorizes employees who suffer injury as a result of knowing and intentional violations of certain provisions of the statute to recover certain remedies, but otherwise denies the allegations in paragraph 48 of the Complaint.

49. Defendant Riojas denies the allegations in paragraph 49 of the Complaint.

50. Defendant Riojas denies the allegations in paragraph 50 of the Complaint.

51. Defendant Riojas denies the allegations in paragraph 51 of the Complaint.

52. Defendant Riojas denies the allegations in paragraph 52 of the Complaint.

53. Defendant Riojas lacks information sufficient to enable him to admit or deny the allegations in paragraph 53 of the Complaint and, on that basis, denies them.

54. As a further and affirmative defense, defendant Riojas alleges that he does not qualify as an "employer" within the meaning of the Fair Labor Standards Act.

55. As a further and affirmative defense, defendant Riojas alleges that he has paid the plaintiffs all wages earned by the plaintiffs during their employment with him.

WHEREFORE, defendant Riojas prays for:

1. An order dismissing the Complaint with prejudice and entering judgment in his favor;

2. Costs of suit incurred herein;

3. Reasonable attorney fees incurred herein; and

4. Such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: December 12, 2007 | Hopkins & Carley |
| 2 | | A Law Corporation |

By: *Daniel F. Pyne*
Daniel F. Pyne
Attorneys for Defendant
Mario Riojas

353\563633.2