1  Daniel F. Pyne (State Bar No. 131955)
   HOPKINS & CARLEY
2  A Law Corporation
   70 South First Street
3  San Jose, CA  95113-2406

4  Post Office Box 1469
   San Jose, CA 95109-1469
5  Telephone:      (408) 286-9800
   Facsimile:      (408) 998-4790
6  Email:          dpyne@hopkinscarley.com

7  Attorneys for Defendant
   Mario Riojas
8  Daniel F. Pyne (State Bar No. 131955)
   HOPKINS & CARLEY
9  A Law Corporation
   70 South First Street
10 San Jose, CA  95113-2406

11 Post Office Box 1469
   San Jose, CA 95109-1469
12 Telephone:      (408) 286-9800
   Facsimile:      (408) 998-4790
13 Email:          dpyne@hopkinscarley.com

14 Attorneys for Defendant
   Mario Riojas
15
   James Dal Bon (State Bar No. 157942)
16 LAW OFFICES OF JAMES DAL BON
   28 North First Street
17 Suite 210
   San Jose, CA  95113
18 Telephone:  (408) 297-4729
   Email: jdblaw@earthlink.net
19
   Attorneys for Plaintiffs
20

21              UNITED STATES DISTRICT COURT

22            NORTHERN DISTRICT OF CALIFORNIA

23                  SAN JOSE DIVISION

24

25

26

27

28

353\572814.2

1  JOSE CRUZ GONZALEZ, EDUARDO
   GALARZA and JUAN PABLO
2  PAOMARES,

3          Plaintiffs,

4  v.

5  MARIO RIOJAS, MARIO'S
   PLASTERING, INC. and DOES 1 through
6  10,

7          Defendants.

CASE NO.  C-07-05521-PVT

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND
(PROPOSED) ORDER**

Conference Date:  February 19, 2008

8

9          Pursuant to Civil Local Rule 16-9, plaintiffs Jose Cruz Gonzalez, Eduardo Galarza and

10  Juan Pablo Paomares and defendant Mario Riojas jointly submit this Joint Case Management

11  Statement.

12  **1.  JURISDICTION AND SERVICE**

13          This Court has subject matter jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C.

14  section 1331 (federal question) and 29 U.S.C. section 201 et seq. (Fair Labor Standards Act).

15          The parties agree that the Court holds personal jurisdiction over defendant Riojas and that

16  venue is proper.

17  **2.  FACTS AND CONTENTIONS**

18          Defendant Riojas is a residential plastering and stucco contractor.  The plaintiffs are

19  former employees of defendant Riojas who worked as helpers at defendant Riojas' job sites.

20          The plaintiffs allege that they worked more than eight hours on certain days and more than

21  40 hours during certain weeks during their employment with defendant Riojas, but were not paid

22  overtime compensation as required by law.  The plaintiffs also seek to recover penalties as a

23  result of defendant Riojas' alleged failure to pay all of their wages to them at the conclusion of

24  their employment in accordance with applicable provisions of the California Labor Code.

25          Defendant Riojas contends that he paid the plaintiffs for eight hours on each day that they

26  worked, even if they worked less than eight hours, and that the plaintiffs rarely, if ever, worked

27  more than eight hours per day or 40 hours per week.  Defendant Riojas also contends that he paid

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

353\572814.2

- 2 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT – C-07-05521-PVT

1  the plaintiffs all of the wages they earned during their employment with him on or before the date

2  on which their employment terminated.

3        The plaintiffs filed their Complaint on October 29, 2007.

4  **3. LEGAL ISSUES**

5            1.     Whether the plaintiffs were classified as exempt or non-exempt under

6                   applicable overtime compensation laws.

7            2.     Whether the plaintiffs, or any of them, worked more than eight hours per

8                   day or 40 hours per week during their employment with defendant Riojas

9                   and, if so, the number of such hours worked.

10           3.     Whether defendant Riojas paid the plaintiffs all of the wages that they

11                  earned during their employment with him and, if not, the amount of wages

12                  which remain unpaid.

13           4.     Whether the plaintiffs, or any of them, are entitled to penalties pursuant to

14                  Labor Code section 203 as a result of defendant Riojas' alleged failure to

15                  pay all of their wages to them at the conclusion of their employment in

16                  accordance with applicable provisions of the California Labor Code.

17 **4. MOTIONS**

18       The parties do not presently plan to file any motions, but reserve the right to file motions

19 for summary judgment.

20 **5. AMENDMENT OF PLEADINGS**

21       The parties do not yet know whether any amendment of pleadings will be necessary.  Any

22 amendments will be made no later than October 15, 2008.

23 **6. EVIDENCE PRESERVATION**

24       The parties have preserved the evidence available at the commencement of litigation.

25 **7. DISCLOSURES**

26       The parties anticipate exchanging initial disclosures pursuant to Federal Rule of Civil

27 Procedure 26(a)(1) on February 19, 2008.

28

**8.  DISCOVERY**

The parties expect to propound written discovery in the form of document demands, interrogatories, and requests for admission, and to conduct depositions.  The parties do not presently propose to limit or modify the statutory and local rules applicable to discovery.

**9.  CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

Plaintiffs seek to recover unpaid overtime compensation plus  in penalties pursuant to California Labor Code section 203.

**12. SETTLEMENT AND ADR**

The parties have not yet engaged in settlement negotiations, but have agreed to participate in mediation as soon as possible.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to assignment of the case to a Magistrate Judge for all purposes.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

Except for agreeing that the plaintiffs were classified as non-exempt from overtime compensation laws, the parties do not anticipate narrowing any issues at this time.   Furthermore, the parties do not request to bifurcate issues, claims, or defenses at this time but reserve the right to make such a request at a later date.

**16. EXPEDITED SCHEDULE**

Please see proposed schedule in Item 17.

**17. SCHEDULING**

The parties propose the following dates:

| | | |
|---|---|---|
| 1 | Fact discovery deadline | September 29, 2008 |
| 2 | Plaintiff to disclose experts | October 15, 2008 |
| 3 | Defendant to disclose rebuttal experts | November 17, 2008 |
| 4 | Expert discovery deadline | December 12, 2008 |
| 5 | Deadline for hearing of dispositive motions: | December 12, 2008 |
| 6 | Trial: | February 2, 2009. |

**18. TRIAL**

If the case proceeds to trial, the parties presently anticipate a jury trial lasting approximately five days.

**19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties know of no non-party interested entity or person other than those already disclosed by the parties, if any.

**20. OTHER MATTERS.**

None.

Dated: February 11, 2008                    Hopkins & Carley
                                            A Law Corporation


                                            By:_____
                                                Daniel F. Pyne
                                                Attorneys for Defendant
                                                Mario Riojas

Dated: February 11, 2008                    Law Offices of James Dal Bon


                                            By:_____s/jdb_____
                                                James Dal Bon
                                                Attorneys for Plaintiffs